IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| CITY OF EL PASO, TEXAS, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | EP-07-CV-380-KC |
| § | |
| EL PASO ENTERTAINMENT, INC., § | |
| et al., § | |
| § | |
| Defendants. § | |

## ORDER

On this day, the Court considered Defendants' Motion for Reconsideration and Clarification of Court's Order Scheduling Hearing, ECF No. 111 ("Defendants' Motion"). For the reasons set forth below, Defendants' Motion is **DENIED**.

## I. BACKGROUND

In a prior lawsuit in this Court, Defendant El Paso Entertainment, Inc. ("Defendant") sued the City of El Paso, Texas ("City"), alleging El Paso Municipal Code's adult business zoning restrictions violated free speech provisions of the United States and Texas constitutions. *See El Paso Entm't, Inc., et al. v. City of El Paso, Tex.*, No. EP-94-CA-322-H (W.D. Tex. 1994). The parties negotiated a settlement, and this Court entered an "Agreed Judgment and Permanent Injunction" ("Agreed Judgment") on April 17, 1995, ordering that the City "shall be permanently enjoined from the enforcement of any adult business ordinances against the existing adult businesses . . . so long as they continue in operation . . . by the current business owners." Agreed J. 4.

In 2007, the City enacted Ordinance 016624, "an ordinance relating to licensing requirements and regulations for sexually oriented businesses within El Paso." Pl.'s First Am. Compl. ¶ 16, ECF No. 59.  The City then filed an action for declaratory judgment pursuant to 28 U.S.C. §§ 2201, 2202, seeking to establish their nonliability for enforcing Ordinance 016624 against El Paso Entertainment, Inc., Jedjo, Inc., CR&R, Inc., El Tapatio, Inc., Y&F, Inc., and Unknown John Doe related business entities which operate and/or own the businesses known as Foxy's Nightclub and Lamplighter Lounge ("Defendants") on the grounds that the Agreed Judgment did not preclude enforcement of that ordinance.  Compl., ECF No. 1.  The City subsequently amended its complaint to include their contention that the Agreed Judgment no longer applied due to Defendants' change in ownership and the consequent cessation of the Agreed Judgment's protection otherwise provided to Defendants.  Pl.'s First Am. Compl. ¶¶ 27-28.

On May 5, 2009, the Court granted the City's motion for summary judgment, finding that under the terms of the Agreed Judgment, ownership of Jedjo, Inc. and El Paso Entertainment, Inc. changed when Mark Diedrich, 100% owner of both businesses, sold his shares to Dean Reiber.  *See* Order 10, May 11, 2009, ECF No. 95.  As a result, the Court held that the Agreed Judgment was no longer in effect according to its unambiguous terms, and that the City could legally enforce its ordinances against Defendants.  *Id.*  On appeal, the Fifth Circuit reversed, holding that the terms "owner" and "operator" were unclear as used in the Agreed Judgment. *City of El Paso, Tex. v. El Paso Entm't., Inc.*, No. 09-50455, 2010 WL 2465227, at *6 (5th Cir. June 18, 2010).  The Fifth Circuit remanded for "a full hearing to allow the parties to present extrinsic evidence and otherwise develop their positions."  *Id.*

Accordingly, the Court ordered the parties to brief the issue on the meaning of "owner" and "operator" as employed in the Agreed Judgment and to appear before the Court for a hearing to present their evidence on the matter.  *See* Order, Aug. 3, 2010, ECF No. 110.  Thereafter, Defendants filed "Defendants' Motion for Reconsideration and Clarification of Court's Order Scheduling Hearing" in which Defendants' requested that the hearing take place before a jury. *See* Defs.' Mot. The City opposed, *see* Pl.'s Resp. in Opp'n. to Defs.' Mot. for Recons. and Clarification, ECF No. 115 ("Plaintiff's Response"), after which Defendants replied to the City's response.  *See* Defs.' Reply to Pl.'s Resp. in Opp'n. to Defs.' Mot. for Recons. and Clarification, ECF No. 117 ("Defendants' Reply").

## II.  DISCUSSION

### A.  Standard

The Seventh Amendment specifically preserves the right to a jury trial "in suits at common law, where the value in controversy shall exceed twenty dollars."  U.S. Const. amend. VII.  More specifically, the Seventh Amendment guarantees a right to jury trial in "suits in which *legal* rights [are] to be ascertained and determined, in contradistinction to those where equitable rights alone [are] recognized, and equitable remedies [are] administered."  *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry*, 494 U.S. 558, 564 (1990) (quoting *Parsons v. Bedford*, 3 Pet. 433, 447 (1830)).

In an action for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, "the right to a jury trial depends upon the basic context in which the issues are presented."  *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 515 (1959).  If the basic issues in an action for declaratory relief are fundamentally equitable, then no right to jury trial attaches.

*Id.* If, on the other hand, the basic issues are fundamentally legal, or are "of a kind traditionally cognizable at common law, the right to a jury trial of course remains unimpaired." *Id.*

In actions for declaratory relief, "courts have examined the basic nature of the issues involved to determine how they would have arisen had Congress not enacted the Declaratory Judgment Act." *Wallace v. Norman Indus., Inc.*, 467 F.2d 824, 827 (5th Cir. 1972). As such, this Court will properly examine the City's Complaint to determine if the nature of the City's claim is legal or equitable.

### B. The Nature of a Consent Decree

The "basic nature of the issues involved" in this case is the interpretation of the terms "owner" and "operator" in the 1995 Agreed Judgment. Accordingly, the Court considers whether consent decrees are inherently legal, in which case Defendants are entitled to a jury trial, or inherently equitable, in which case no jury trial ensues as a matter of right.[1]

---

[1] Although in the instant case the legal document at issue is titled an Agreed Judgment, and not a consent decree, it is important to note that neither party attempts to distinguish between the Agreed Judgment and consent decrees. Rather, all parties cite precedent concerning consent decrees to advance their positions regarding the Agreed Judgment. *See* Defs.' Mot; Pl.'s Resp.; Defs.' Reply. Furthermore, agreed judgments appear to be functionally equivalent to consent decrees. In this Court's Order granting summary judgment, the Court stated, "[t]he Agreed Judgment is essentially a consent decree. *See Black's Law Dictionary* 441 (8th ed. 2004) (defining a consent decree as '[a] court decree that all parties agree to')." Order, May 11, 2009, ECF No. 95. *See also Frulla v. CRA Holdings, Inc.*, 543 F.3d 1247, 1252-53 (11th Cir. 2008) (court applied tenets of construction for consent decrees to agreed judgment at issue); *Enserch Corp. v. Shand Morahan & Co., Inc.*, 952 F.2d 1485, 1496 (5th Cir. 1992) (holding there is no distinction between agreed judgments and consent decrees for the purposes of collateral estoppel); *Jackson/Charvel, Inc. v. Gibson Guitar Corp.*, 863 F.2d 48 (6th Cir. 1988) (unpublished table decision) (using terms "agreed judgment," "consent decree," and "consent order" interchangeably and applying the same principles to all three). Therefore, the terms

### 1. Consent decrees are equitable

Defendants contend that they are entitled to a jury hearing because of a consent decree's contractual nature. Defs.' Mot. 2-3. Defendants correctly state that consent orders are interpreted according to the rules of contract interpretation. *Id.* at 2-3; *see e.g.*, *United States v. ITT Cont'l Baking Co.*, 420 U.S. 223, 238 (1975); *Lelsz By & Through Lelsz v. Kavanagh*, 824 F.2d 372, 373 (5th Cir. 1987); *Robinson v. Vollert*, 602 F.2d 87, 92 (5th Cir. 1979) ("consent orders are interpreted as contracts and are to be construed only by reference to the 'four corners' of the order itself[,] . . . [r]eference to extrinsic evidence, such as the circumstances of formation, is permissible only if the order is ambiguous in some respect").

However, that a consent decree is interpreted according to principles of contract interpretation does not necessarily imply that a cause of action arising from a consent decree, like that arising from a contract, is legal in nature rather than equitable. In fact, contrary to Defendants' contentions, "consent decrees are judgments despite their contractual nature." *United States v. Alcoa, Inc.*, 533 F.3d 278, 288 (5th Cir. 2008). What's more, the Supreme Court has expressly rejected the notion that a consent decree is a contract. *United States v. Swift & Co.*, 286 U.S. 106, 115 (1932) ("We reject the argument . . . that a decree entered upon consent is to be treated as a contract and not as a judicial act").

Courts draw the distinction between a contract and a judicial act because the latter is generally considered equitable. In *In re Corrugated Container Antitrust Litig.*, the Fifth Circuit stated that actions to enforce judgments are generally equitable. 752 F.2d 137, 144 (5th Cir.

---

"agreed judgment," "consent decree," and "consent order" are used interchangeably in this case.

1985); *see also Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 391 (1992) ("A court should do no more, for a consent decree is a final judgment that may be reopened only to the extent that equity requires"); *Alcoa*, 533 F.3d at 288 (recognizing both the district court's equitable powers to effectuate a consent decree and parties' expectations of an enforceable judicial order with the attributes thereof, as opposed to a contract, when entering into a consent decree); *Blodgett v. United States*, 101 F.3d 713 (Fed. Cir. 1996) (unpublished table decision) (summary judgment granted against plaintiff alleging breach of contract where consent decree was involved because "a decree entered upon consent is a judicial act and is not a contract").

Moreover, with respect to consent decrees, "district courts may fashion remedies to enforce prior judgments. These remedies need not match those requested by a party or originally provided by the court's earlier judgment." *Alcoa*, 533 F.3d at 288. The same certainly cannot be said about contracts, and this distinction further supports the conclusion that consent decrees are equitable. Therefore, while consent decrees are interpreted according to principles of contract interpretation, they are not contracts; rather, they are equitable in nature.

### 2. Consent decrees are interpreted by courts

Furthermore, that a consent decree is interpreted according to rules of contract interpretation says nothing about who applies those rules to consent decrees. In other words, it does not follow that a jury must apply those tenets to the facts; a court may be the appropriate arbiter. To this Court's knowledge, in cases involving the interpretation of a consent decree that have reached the Supreme Court, there has not been a jury hearing below, nor has the Supreme Court held that a jury trial is required. *See, e.g., United States v. Armour & Co.*, 402 U.S. 673 (1971) (district court interpreted consent decree without a jury and Supreme Court affirmed).

Indeed, the Fifth Circuit has expressly held that consent decrees are properly interpreted by courts, not juries. *In re Corrugated*, 752 F.2d at 145. In *In re Corrugated*, the plaintiffs sought a jury trial in an action to collect from the defendants an amount fixed by a consent decree which incorporated the terms of a settlement agreement. *Id.* at 139. The Fifth Circuit stated that the "existence of disputed questions of fact does not necessarily entail the right to a jury trial." *Id.* at 143. The Fifth Circuit held that the plaintiffs were not entitled to a jury trial because the issues involved enforcement and interpretation of a consent decree. *See id.* at 144-45.

Defendants argue that the case at bar is distinguishable from *In re Corrugated*. Defs.' Reply 3. In *In re Corrugated*, the Fifth Circuit noted,

> The plaintiffs' motion to enforce the court's judgment cannot be viewed as a separate "suit at common law" that would require a jury trial under the seventh amendment. The plaintiffs did not institute a separate lawsuit to enforce this decree; they simply filed a motion in a seven-year-old class action suit.

*In re Corrugated*, 752 F.2d at 144.

Though Defendants did not expressly articulate this position, the argument appears to be that had the plaintiffs in *In re Corrugated* filed a separate suit to enforce the decree, as the City did in the case at bar, the plaintiffs might then have been entitled to a jury trial. The Court disagrees.

Though the *In re Corrugated* court noted that the "plaintiffs did not institute a separate lawsuit to enforce" the decree, and instead merely filed a motion, this Court believes the result would have been the same had the plaintiffs filed a separate cause of action. First, the Fifth Circuit explained that the "plaintiffs' motion to enforce the court's judgment cannot be viewed as a separate 'suit at common law' that would require a jury trial under the seventh amendment." *Id.* This would be true even if the plaintiffs had filed a separate cause of action, as did Plaintiffs in the instant case, primarily because, as discussed above, consent decrees and their interpretation

are equitable, and equitable causes of action are not tried before juries under the Seventh Amendment.

Second, the court's holding in *In re Corrugated* was not contingent upon the plaintiffs' having filed a motion as opposed to a separate cause of action. *Id.* at 144-45. The court also considered the importance of judicial economy in making its finding, a consideration which applies regardless of whether a plaintiff files a motion in the same cause of action in which the consent decree was entered or files a separate cause of action. *See id.* at 144. The court explained,

> We see no reason to divorce the power to interpret and enforce a judgment incorporating and ordering performance of a settlement agreement from the court that rendered it. To do so would not only delay the conclusion of the class action, but would lead the trial court into a procedural maze, for the enforcement proceeding would presumably be treated as a brand new action, with new pleadings, new motions, and new pretrial procedures.

*Id.*

Other courts have similarly concluded that the interpretation of a consent decree is a proper function of the court, not a jury. *United States v. J.B. Williams, Co.*, 498 F.2d 414, 431 (2d Cir. 1984) (what a consent order means is concededly a task for the court); *United States v. Readers' Digest Ass'n*, 662 F.2d 955, 961 (3d Cir. 1981) (construing the meaning of a consent order, even an ambiguous one, is a question of law for the court sitting without a jury). In sum, interpreting consent decrees is within the province of the court, and Defendants' Motion must be **DENIED**.

### III.  CONCLUSION

For the foregoing reasons Defendants' Motion is **DENIED**. A separate Order shall issue simultaneously to this Order setting forth the date and time of the bench hearing.

**SO ORDERED**.

**SIGNED** on this 18th day of October, 2010.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE